# UNITED STATES DISTRICT COURT
## for the
### South Carolina District of Charleston Division

$$§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§$$

Jackie Richardson 211240 )
)
**Plaintiff** )
)   **Case No. 06-CP-10-3386**
**v.** )
Warden Reynolds; And )
)   **Petitioner Presents Memorandum**
**Defendant** )   **of Facts and Laws Pertaining**
**To Issues Presented.**
Jon Ozmint, Director, S.C.   **Petitioner Motions For An**
Dept. of Corrections   **Evidentiary Hearing.**

$$§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§$$

RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 JUL 29 A 11: 17

## Table of Contents

Table of Contents                                      i.

Question Presented                                     ii.

Statement of Case                                      1.

Presentation of Facts/Laws of Issues                  3.

    Petitioner not informed of right to appeal    3.

    Petitioner was denied counsel                 5.

    Petitioner states incomplete transcript       7.

    PCR court did not rule on issues presented    9.

Conclusion                                             10.

Affidavit                                              11.

## Question Presented

Did Court of Appeals erred in dismissing Writ of Certiorari without conducting an evidentiary hearing to show cause that PCR judge did not make specific findings of fact, and state expressly its conclusion of law relating to each issue presented?

Did Court of Appeals erred when denying Petitioner his Constitutional Right to appellate review?

## Statement of Case

In October 1992, the Charleston County Grand Jury indicted Jackie Richardson for two counts of murder and one count of armed robbery. On February 10, 1994, Richardson pled guilty as charged and was sentenced to two twenty years life sentences for two counts of murder running concurrent, and **twenty-five years for** armed robbery running consecutive. There was no appeal of the conviction.

On December 22, 1999, filed a PCR application, which was dismissed as being untimely. Richardson then appealed the PCR court's decision in South Carolina Supreme Court, which denied certiorari December 4, 2002. On November 26, 2003, Richardson filed for state Habeas Corpus to challenge the ruling of the lower courts, thus too, being denied.

On August 29, 2006, Petitioner Richardson, filed a second PCR application on the issue of not being informed of the right to appeal. However, the Respondents stated that such PCR application would be successive and out-of-time as being barred by the statue of limitation, and the doctrine of laches. Judge Few, reviewed the PCR application on September 12, 2007. Then granted the State's dismissal, on November 12, 2007. Richardson then filed an appeal upon Judge Few's decision in a pro-se explanation brief as mandated by Rule 227(c),SCACR. Pleasingly to the Court, the Petitioner had established meritable claims within the explanation brief pro-se, thus being granted the right to move forward upon obtaining writ of certiorari. Such hope led Petitioner Richardson, to file on October 27, 2008, for Writ of Certiorari.

*(1)*

In a letter of correspondence from the South Carolina Court of Appeals dated January 29, 2010, informing Petitioner Richardson that on January 6, 2009, the Supreme Court ordered his case to be transferred to the Court of Appeals for consideration.

On February 10, 2010, Court of Appeals ordered denial of Petition for Writ of Certiorari. Immediately, Petitioner Richardson filed on February 23, 2010 a Rule 59(e) Motion To Reconsider The Denial of Petition for Writ of Certiorari and Granting Petition Rules 226,227,SCACR. In Mr. Richardson's 59(e) Motion For Reconsideration, he points out two procedural defaults conducted in appellate review. (1) Appointed Appellate Defender failed to establish her role as appointed counsel, required by statutes §17-3-10; §17-4-10. (2) Court of Appeals failed to address the fact that PCR judge did not make a specific finding of fact and state expressly its conclusion of law, relating to each issue presented. As statute §17-27-20 makes known that PCR judge's findings should not be upheld if there is no probative evidence to support them.

However, after reviewing Petitioner's 59(e) Motion for Reconsideration, the Court of Appeals remained sound in their ruling of denying Petition for Writ of Certiorari. On May 4, 2010 this decision was remitted to the lower court. Thus, now being the reason Petitioner now files for Habeas Corpus to have this Court review such cause of action.

## Presentation of Facts and Laws of Issues

(1)  Petitioner was not informed of right to appeal.

### Facts

(A)  On February 10, 1994 Petitioner Richardson was sentenced
and convicted on a guilty plea to two twenty years life sentences
for two counts of murders running concurrent, and twenty-five
years for armed robbery, running consecutive. Trial counsel
did not make Petitioner aware of any procedures to appeal
conviction. Trial counsel did not speak to Petitioner after
conviction. Trial counsel made no intentions of proceeding
any further. It was Petitioner who requested to obtain his
transcript in a letter of correspondence dated August 11, 1995.
Within same letter, Petitioner questioned trial counsel if
there was any way of going back to court. Trial counsel responded
in a letter of correspondence, that there was nothing of merits
to file an appeal. Later in another letter of correspondence,
trial counsel advised it would not be a good idea to appeal
whereas Petitioner could receive a thirty years life sentence
or death penalty if co-defendant was brought up by State to
testify. Trial counsel had finally advised Petitioner that
it would be better for him to pursue an education or work as
to make the best of his time.

  Petitioner did not file a PCR at that time because he
believed he was being given sound advice from trial counsel.
It was not until someone advised him that his case held merits
to file a PCR. Petitioner filed a PCR application on December
22, 1999, that was dismissed as untimely. Petitioner Richardson
then appealed the PCR court's decision with the Supreme Court
of South Carolina, which denied writ of certiorari. On November
26, 2003, Petitioner filed for State Habeas Corpus to challenge
the ruling, however he was unsuccessful and was denied.

  ON August 29, 2006, Petitioner Richardson filed a second
PCR application informing the court that he was not informed
the right to appeal. Petitioner has not had an evidentiary
hearing on this issue of not being informed the right to appeal.

(B)

(1)  Petitioner states that trial counsel must inform him of his right to appeal and how to perfect one. Under, U.S. v. Gipson, 985 F.2d 212,(5th Cir.1993); the ABA standards for criminal justice provide, Standard 4-8.2 Appeal (A): After consequences of the court's judgment and defendant's right of appeal ... (B) the lawyer should take whatever steps are necessary to protect the defendant's right of appeal. ABA Standards Relating to the Administration of Criminal Justice, § 4-8.2 (2d.ed.1979). Also citing, Roe v. Flores-Ortega, 120 S.Ct. 1029, (2000). Thus, ABA Standards for Criminal Justice 21-2.2(b) (2d.ed.1980): "Defense counsel should advise a defendant on the meaning of the court's judgment, with defendant's right to appeal, on the possible grounds for appeal, and of the probable outcome of appealing. Counsel should also advise of any post-trial proceedings what might be pursued before or concurrently with an appeal. While counsel should do what is needed to inform and advise defendant, the decision whether to appeal, like the decision whether to plead guilty, must be the defendant's own choice."

(2)  Petitioner states that trial counsel's representation continues after trial to make known of right to appellate review. Whereas, trial counsel is more familiar with the proceedings in case. Nelson v. Peyton, 415 F.2d 1154 (1969).

(3)  Trial counsel never filed Johnson or Anders brief indicating direct appeal would be frivolous. Petitioner states even if he pled guilty, trial counsel still has a duty to advise defendant of right to appeal, if the proceeding consist of error. Marrow v. U.S., 772 F.2d 525 (9th Cir.1985).

(4)  Counsel erroneously advised defendant that if he appealed, that he would be subjecting himself to the death penalty, if he was successful on appeal, based on this advise defendant did not appeal. Bell v. Lockhart, 795 F.2d 655 (8thCir.1986).

(5)  Petitioner insists that he has shown colorable claims of being prejudiced by losing the right to a meaningful appeal, provided by the 1,6,14 Amendments of the Constitution.

(4)

(2)  Petitioner was denied counsel.

## Facts

(A)  Petitioner reiterates that he was sentenced and convicted
February 10, 1994, in a plea of guilty. Petitioner insists
that trial counsel did not communicated with him after guilty
plea hearing, sentencing and conviction. Thus, being the reason
Petitioner was never made aware of his right to appellate review.
Or made aware that he was being relieved of his representation
by filing a Johnson brief. It was the Petitioner who wrote
a letter of correspondence to trial counsel, on August 11,
1995, asking to obtain his transcript, and wanting to know
if there was any way of going back to court. Trial counsel
responded in a letter of correspondence, that there was nothing
of merits in which to file an appeal.

Moreover, during a course of correspondence by letters,
trial counsel continued to advised Petitioner of reasons he
should not appeal, such as suggesting that if Petitioner appeals
the State could inform co-defendant and ask him to testify
against Petitioner for a lighter sentence. Secondly, trial
counsel stated that should appeal be granted the State could
push for a thirty years life sentence or the death penalty.
Trial counsel finally advised Petitioner to make the best of
his time by getting an education and working. Moreover, trial
counsel not only left his client, but one that suffered from
a mental disorder and slow learning disability. Trial counsel
knew of the Petitioner's mental situations, yet, disregarded
his responsibility and duty of assisting him within appellate
review. Or how to pursue an appeal pro-se.

## Laws

(B)

(1)  Every criminal defendant has unqualified right, whether
or not indigent, to be represented by counsel at all critical
stages of any prosecution against him, and right begins when
the accusatorial process begins as to him. Nelson v. Peyton,
415 F.2d 1154 (1969).

(2)  Petitioner states, "The standard review to determine whether
a defendant was constructively denied his right to counsel
is a mixed question of law and fact, reviewed de novo,"
Childress v. Johnson, 103 F.3d 1221 (5thCir.1997); Barrientos
v. U.S., 668 F.2d 838 (1982).

(3)  Petitioner makes known that, an attorney's performance
is judged on the basis of the facts known to him, and the rule
of law  and procedure, he is held to know, as an attorney
representing defendants in criminal proceedings. Vela v. Estelle,
708 F.2d 954 (5th Cir.1983); S.C.Code of Laws §17-3-10.

(4)  Under, Galloway v. Stephenson, 510 F.Supp. 840 (1981),
[W]hen a court discovers that an attorney has been derelict
in the performance of a court duty which could forfeit a legal
right accorded to a defendant in a criminal case is [sic]
significant as the right to an appeal on the merits, disciplining
measures against the attorney-rather than deprivation of the
defendant's right-may be the only constitutional remedy. At
least that is true in this case. [Citing] Flanagan v. Henderson,
496 F.2d 1274,1278 (5th Cir.1974).

(5)  Petitioner now states, that denial of counsel at a critical
stage has no cure for the injury that has been caused, except
relief because prejudiced has been presumed. Woodard v. Collins,
898 F.2d 1027 (5th Cir.1990); U.S. v. Cronic, 466 U.S. 648,653-
58, 104 S.Ct. 2030,2045-46, 80 L.Ed.2d. 657 (1984); U.S. v.
Morrison, 101 S.Ct. 665 (1981).

(6)  Petitioner argues that trial counsel prejudiced him by
denying him counsel when counsel knew his client suffered from
a metal condition that would hinder him to appeal his case
on appeal. Wood v. Zahradnick, 578 F.2d 980,982 (4th Cir.1978);
Smith v. McCormick-Ake v. Oklahoma, 105 S.Ct. 1087 (1985).

(7)  Petitioner has marshalled all facts and questions of law
to shed light on his claim of being denied counsel, as in .
resulting to a violation of his 6th Amendment right.

(6)

(3)  Petitioner states incomplete transcript.

### Facts

(A)  Petitioner states for the record that he pled guilty on
February 10, 1994, to a twenty years life sentence for two counts
of murder, and twenty-five years for armed robbery. Petitioner
brings to this Court's attention that his trial counsel denied
him representation on appellate review and on procedures to file
an appeal pro-se. Moreover, on August 11, 1995, it was Petitioner
who requested for guilty plea      transcript, questioning if
there was any way of going back to court. Trial counsel responded
by letter advising Petitioner of his request, along with only the
technical records and not the guilty plea hearing transcript. The
Petitioner filed his original PCR on December 22, 1999, and the
Respondents in that case stated that the Petitioner's transcript
was destroyed after four (4) years. See, Return and Memorandum of
Law In Support of Motion For Summary Judgment, pgs. 3 and 7. This
is far from the truth, whereas, on February 25, 2002, the
Petitioner received a letter from Mr. T. Ferguson, Appellate
Services Coordinator, asking for a copy of Petitioner's
transcript. See, (App. pg. 98). The Petitioner replied with the
response of not having a complete transcript. See, (App. pg. 99).
Afterwards, the Petitioner received his copies of indictments in
the following months after Mr. T. Ferguson made his copy.
Whereas, the Petitioner only had a copy of the technical records.
So, there must have been a record of the Petitioner's
sentencing/guilty plea hearing in existence   somewhere. As this
would only be the reason such indictments were found, stamped
"Guilty Plea", as in reference to the  guilty plea hearing. See,
(App. pg. 30, 32, & 36).               Moreover, Petitioner had
amended the issue of his      transcript within Writ of Certiorari
filed October 27, 2008 before the Supreme Court of South
Carolina. Whom within order dated January 6,2009, to Petitioner's
case transferred to the Court of Appeals. The Court of Appeals
reviewed Petitioner's Writ of Certiorari twice, once during its
initial review, and secondly on a 59(e) Motion for
Reconsideration, and in both reviews there were no evidentiary
hearing to look deeper into the records to marshal the facts.

Laws

(B)

(1)  Petitioner states the Constitution makes known a State must provide trial transcript or acceptable substitute, to an indigent's claim, under the 14th Amendment. Ennis v. LeFevre, 560 F.2d 1072 (1977); U.S. v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, (1976); Fullan v. Comm. of Corr. St. of N.Y., 891 F.2d 1007 (1989).

(2)  Petitioner states S.C. Statutes §14-13-10; §14-13-20; §14-15-30 mandates that court reporter shall keep a permanent copy of transcript as a record should the court need it for future reviewing. Thus, making such record substantial evidence. Rules 401, 402 SCFRE makes known the relevancy of evidence. Chavis v. Rowe, 643 F.2d 1231, (1981), evidence is material "if [it] creates a reasonable doubt that did not otherwise exist."

(3)  Petitioner states there has been a, "discriminatory interference by the State through one of its officials, agents or officers with a statutory right of appeal." Cochran v. Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed 1453, (1942); Dowd v. U.S. ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed 215, (1951); See, Coffman v. Bomar, 220 F.Supp. 343 (1963).

(4)  Petitioner states, Rule 11, provides for placing of plea agreements on record, for full inquiry into voluntariness of plea, for detailed advice to defendant concerning this rights and consequences of this plea and determination that defendant understands these matters, and for determining the accuracy of plea. U.S. v. Reed, 825 F.Supp. 323, (D.DC 1993).

(5)  Petitioner states that his claim has merit as he cites, U.S. v. Cashwell, 950 F.2d 694 (11th Cir. 1992), Contends that due to the absence of a transcript of his voir dire proceedings and the inability of the court to adequately reconstruct those proceedings, he has been denied a meaningful direct appeal, and thus deprived of his right to due process. In particular, Cashwell contends that the court reporter's failure to transcribe the voir dire proceedings in accordance with Court Reporter Act, 28 U.S.C. §753, constitutes a substantial and significant omission which precludes him from being able to demonstrate possible errors and mandates that his conviction be vacated.

(4) PCR Court did not make specific findings of fact, and
state expressly its conclusion of law relating to each
issues presented.

### Facts

(A) Petitioner filed a second PCR application August 29, 2006,
on the issue of not being informed of his right to appeal.
However, on September 12, 2007, such PCR application was
dismissed by PCR court, Judge Few. At such, PCR hearing, Judge
Few did not expressed or addressed the issue of the Petitioner
not being informed of his right to appeal. On October 27, 2008
Petitioner filed a Writ of Certiorari with the South Carolina
Supreme Court. And it was the South Carolina Supreme Court
whom ordered Petitioner's case to be transferred to the Court
of Appeals on January 6, 2009, for review. Petitioner was
denied Writ of Certiorari twice, once during the Court of A
Appeals initial review, and secondly on a 59(e) Motion for
Reconsideration. In both denials, the Court of Appeals had
not ordered an evidentiary hearing to review the records
to marshal the facts.

### Laws

(B)

(1) Petitioner argues that he has been denied his 14
Amendment right to due process of law and equal protection.
Whereas, the South Carolina Supreme Court has held that the
UPCA states the, "court shall make specific findings of
facts, and state expressly its conclusions of law". S.C.
Code Ann. §17-27-80. That court went further to state,
"that the failure to address the issues in the order required
that a new hearing be conducted ".

(2) Petitioner states that an evidentiary hearing is very
important as it allows him to present evidence first and ha
has the burden to prove, by preponderance of the evidence,
that he is entitled to the relief sought in the application.
Petitioner diligently sought with the court for an evidentiary
hearing to review his claim. Miller v. Champion, 161 F.3d
1249 (1998); Becton v. Barnett, 920 F.2d 1190 (4th Cir. 1990).

(9)

## Conclusion

Petitioner states that there has been a procedural brake down within the court system. Petitioner argues that the right to appeal is a valuable and substantial right, most definitely in case where a long term of imprisonment has been imposed. Whereas, the Petitioner is serving twenty years life, plus twenty-five years, thus making it a critical necessity of seeking appellate review. The procedural due process provides: (1) notice of the proceedings, (2) a hearing, (3) opportunity to present a defense, (4) an impartial tribunal, and (5) an atmosphere of fairness. Petitioner is convinced there has been a "gross miscarriage of justice". Whereas, S.C. Code Ann. §17-27-80, (1976), requires the PCR court to "make specific findings of facts, and state expressly its conclusion of law relating to each issue presented ". Within the South Carolina Law Review, Vol.45, Winter 1994, No.2, by John H. Blume, pages 255,256, under subtitle Posthearing Procedure (b) Orders; the South Carolina Supreme Court specifically expresses the PCR court's failure of addressing the merits issued by applicant. Also, "determined that the failure to address the issues in the order required that a new hearing be conducted ".

Petitioner argues that an "extrinsic fraud ", is that which induces a person not to present a case or claim or deprives a person of the opportunity to be heard. S.C. Code Ann. §17-27-90, (1985) makes known that issues not ruled on by PCR judge will not be considered preserved for reviews by the Supreme Court. Thus, being Petitioner's reason to express the importance to show a proper standard of review of a PCR evidentiary hearing whether "any evidence of probative value " exists to sustain the PCR judge's findings. Petitioner points out he has been denied the right to appeal his direct appeal, his conviction and that the PCR court overlooked the ordering of an evidentiary hearing to find some  truth to the claim.

Petitioner further states that he had amended the issues of being denied counsel, and not having a complete transcript on Writ of Certiorari, however, Court of Appeals also made judgment of denial without searching the records per evidentiary hearing. These rulings could not be based on fact finding measures. Had they were, then each factual dispute would have been resolved by evidentiaty hearing in the State hearings. Miller v. Chapman. 161 F.3d 1249, (19th Cir. 1998).

In conclusion, Petitioner states that he has been denied the right to appeal, which is substantial right. He includes that he has been denied counsel during all critical stages of proceedings, by the neglect of trial counsel during appellate proceedings. Finally, Petitioner makes known the incomplete transcript that provide to him, which only contained the technical records and not guilty plea hearing. Petitioner has shown burden of proof of that why he claims to have been denied his Constitutional rights. 1st,6th,14th Amendments. Petitioner states the remedy, " should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests ". U.S. v. Morrison, _U.S._ _,101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981).
§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

## Affidavit

I, Jackie Richardson_____ swear upon oath that the foregoing is true and correct to the best of my knowledge.

*Jackie Richardson*

JACKIE RICHARDSON 211240

Sworn to and Subscribed before me
this __ day of _____, 2010.

_____

Notary Public for South Carolina
My Commission Expires:

(11)

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF CHARLESTON )

                               2006-CP-10-3386

Jackie Richardson, 211240 )

                Applicant, )

                       )

       v.                  )         ORDER OF DISMISSAL

                       )

State of South Carolina, )

               Respondent. )

_____ )

       This matter comes before the Court by way of an application for post-conviction relief filed August 26, 2006. The Respondent made return to the application on or about October 5, 2006. A hearing on the Respondent's motion to dismiss was convened at the Charleston County Courthouse on September 12, 2007. The Applicant was present at the hearing and was represented by Jeffery Lee Sabel, Esquire. The Respondent was represented by Salley W. Elliott of the South Carolina Attorney General's Office.

       This Court had before it the records of the Charleston County Clerk of Court, the Applicant's records from the South Carolina Department of Corrections, the application for post-conviction relief, the State's return and attachments thereto, the Applicant's pro se return to the State's motion to dismiss, the Supreme Court Order denying certiorari from the first PCR appeal, the appendix from the first PCR appeal including the first application and return, the Conditional Order of Dismissal, the transcript from the first PCR hearing, the Order denying the application, the responses to the conditional Order of Dismissal, and the federal habeas corpus documents.



## PROCEDURAL HISTORY

The records before this Court indicate that the Applicant is presently confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Charleston County Clerk of Court. The Applicant was indicted at the October 1992 term of the Charleston County Grand Jury for two counts of murder (1992-GS-10-6004, 6005) and one count of armed robbery (1992-GS-10-6006). He was represented by D. Ashley Pennington, Esquire. On February 10, 1994, the Applicant pled guilty as charged. He was sentenced by the Honorable A. Victor Rawl to confinement for concurrent terms of life for each count of murder and a consecutive term of twenty-five (25) years for armed robbery. The Applicant did not appeal his conviction or sentence.

The Applicant subsequently filed an application for PCR on December 22, 1999 in which he alleged the following grounds for relief:

1. Ineffective assistance of counsel in that counsel
   a.   Failed develop a defense and/or theory of Applicant's case
   b.   Failed to conduct independent investigation
   c.   Failed to inquire into lack of or absence of forensics report
   d.   Advised Applicant to plead guilty

2. Involuntary guilty plea in that Applicant was led to believe he had no defense in the case and was not thoroughly informed of the nature of the accusations or the prerequisites set forth in the claims of ineffective assistance of counsel.

3. Violation of due process/equal protection in that counsel was ineffective and Applicant was denied his right to a fair trial.

4. Failure to inform by indictment in that the government failed to personally inform Applicant of the nature and cause of the accusation against him by way of an indictment.

The Applicant's affidavit was attached to the application. In support of the application and as explanation for later filing, the Applicant asserted he has only a ninth grade education, has been

2

studying the law for more than five years, and did not understand the application of the law to the facts of his case. The State filed its Return and Motion to Dismiss on March 10, 1999. On March 23, 2000, the Honorable Daniel E. Martin, Sr., issued a Conditional Order of Dismissal. The Applicant filed a response to the Conditional Order of Dismissal asserting he did not understand the law as applied to the facts and has recently discovered new evidence. On September 25, 2001, an evidentiary hearing was held before the Honorable R. Markley Dennis, Jr., at which the Applicant was present and was represented by Linda C. Garrett, Esquire. W. Edgar Salter, III, of the South Carolina Office of the Attorney General, represented the Respondent. Prior to the hearing, the Applicant submitted an additional document in further response to the Conditional Order of Dismissal asserting he was eighteen years of age at the time of the crime. He also attached a psychological evaluation. By Order dated September 25, 2001, Judge Dennis granted the State's motion to dismiss on the ground the application was filed beyond the applicable statute of limitations.

Wanda H. Haile of the South Carolina Office of Appellate Defense filed a timely notice of appeal on the Applicant's behalf and submitted a <u>Johnson</u> Petition for Writ of Certiorari; however, on December 4, 2002, the South Carolina Supreme Court denied the Petition. The issue raised in the petition was whether the application was properly dismissed as being untimely filed.

The Applicant thereafter filed a Petition for Writ of Habeas Corpus in the United States District Court for the District of South Carolina. The State filed a return and motion for summary judgment on May 7, 2004. Summary judgment in favor of the State of South Carolina was entered on October 26, 2004, dismissing the petition with prejudice.



3

In the current post-conviction relief application, the Applicant alleges that he is being held in custody unlawfully for the following reasons:

1. Ineffective assistance of counsel in that counsel
   a. Failed develop a defense and/or theory of Applicant's case
   b. Failed to conduct independent investigation
   c. Failed to inquire into lack of or absence of forensics report
   d. Failed to introduce Applicant's record of psychological disorders
   e. Failed to state the defense that Applicant had no intent for murder to be committed
   f. Failed to advise Applicant of his right to a direct appeal
   g. Failed to call an expert witness
   h. Failed to suppress and preserve issues on appeal

2. Involuntary guilty plea in that Applicant was led to believe he had no defense in the case and was not thoroughly informed of the nature of the accusations or the prerequisites set forth in the claims of ineffective assistance of counsel.

3. Violation of due process/equal protection in that counsel was ineffective and Applicant was denied his right to a fair trial.

4. Failure to inform by indictment in that the government failed to personally inform Applicant of the nature and cause of the accusation against him by way of an indictment and Applicant never saw the indictment until the day of the guilty plea hearing.

5. Denied a right to a direct appeal.

In support of his application and as an explanation for his late filing, the Applicant asserted that he has learning disability and mental disorder causing him difficulty in framing the law to the facts of his case.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments at the post-conviction relief hearing. This Court has further had the opportunity to observe each witness who testified at the hearing and to closely pass upon his or her credibility. This Court has weighed the testimony accordingly. Set forth below are the



4

relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

This Court finds that this application for post-conviction relief must be summarily dismissed for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. § 17-27-10, *et. seq*. S.C. Code Ann. § 17-27-45(a) reads as follows:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

The PCR statute of limitations applies to all applications filed after July 1, 1996. Peloquin v. State, 321 S.C. 468, 469 S.E.2d 606 (1996). The Applicant entered a guilty plea and was sentenced for the offenses on February 10, 1994. This application was filed on August 26, 2006, which was well after the one-year statutory filing period had expired. This Court finds that Applicant has failed to present sufficient grounds that would exempt him from the application of the statute of limitations to this action. Therefore, it is dismissed as barred by the statute of limitations.

In addition, this Court finds that the current application for post-conviction relief must be summarily dismissed because it is successive to Applicant's prior application for post-conviction relief and prior federal habeas corpus petition. S.C. Code Ann. § 17-27-90 provides that:

> All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application.

5



Successive applications are disfavored and the burden is on Applicant to establish that any new ground raised in a subsequent application could not have been raised by him in a previous application. Foxworth v. State, 275 S.C. 615, 274 S.E.2d 415 (1981); Aice v. State, 305 S.C. 448, 409 S.E.2d 392 (1991); Arnold v. State/Plath v. State, 309 S.C. 157, 420 S.E.2d 834 (1992).

This Court finds that the current allegations were or could have been raised in the proceedings based on Applicant's prior application for post-conviction relief and, thus, the current application is successive and barred under S.C. Code § 17-27-90. Applicant has failed to establish sufficient reason as to why he could not have raised his current allegations in his previous application for post-conviction relief. Therefore, he has failed to meet the burden imposed upon him. Land v. State, 274 S.C. 243, 262 S.E.2d 735 (1980); Aice v. State, supra; Arnold v. State/Plath v. State, supra.

This Court further finds the Applicant had a full opportunity to litigate all allegations regarding ineffective assistance of counsel in both the state and federal courts. The Applicant continues to raise the same claims by repeated collateral attacks on his convictions. The other grounds present claims that could have been raised in those prior proceedings. The public interest in finality of judgments requires that litigation must eventually come to an end. Pursuant to Rule 12(b)(6), SCRCP, the Court summarily dismisses all claims as barred by *res judicata*.

This Court also finds that the doctrine of laches bars the Applicant from raising these allegations in a post-conviction relief application. Absent some explanation or justification for the delay in seeking post-conviction relief, laches will prevent an Applicant from seeking collateral review of his conviction, especially where the delay affects the availability of evidence to refute the applicant's claims. McElrath v. State, 276 S.C. 282, 277 S.E.2d 890 (1981);

6

Honeycutt v. Ward, 612 F.2d 36 (2nd Cir. 1979). Whitehead v. State, 352 S.C. 215, 574 S.E.2d 200 (2002). To ensure finality of litigation, our courts require reasonable diligence in pursuing collateral relief. This requirement "guards the state's legitimate expectation that it will not be called upon without due cause, to defend the integrity of convictions that occurred many years ago, where records and witnesses are no longer available." McElrath, 276 S.C. at 283. The Applicant's delay is unreasonable and prejudiced the Respondent. A transcript of the guilty plea is no longer available. If the Applicant had sought post-conviction relief within a reasonable time after his plea, this problem would not exist. Therefore, this Court dismisses the application based upon the Applicant's lack of diligence in processing his claim for relief.

### CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant failed to file his application within the time limits established in S.C. Code Ann. § 17-27-45(a), the filing is successive, and is barred by *res judicata* and the doctrine of laches. Therefore, this Court grants Respondent's Motion to Dismiss.

This Court advises the Applicant that he must file and serve a notice of appeal within thirty (30) days from receipt of written notice of entry of this Order by counsel to secure the appropriate appellate review. An Applicant has a right to an appellate counsel's assistance in seeking review of denial of PCR. Rule 71.1(g), SCRCP, provides that if an Applicant wishes to seek appellate review, PCR counsel must file a notice of appeal on Applicant's behalf.

7



**IT IS THEREFORE ORDERED:**

1. That the application for post-conviction relief must be denied and

    dismissed with prejudice; and

2. The Applicant must be remanded to the custody of the Respondent.

**AND IT IS SO ORDERED** this _____ day of _____ 2007.

John C. Few
Presiding Judge
Ninth Judicial Circuit

11/12/07

ATTEST: A TRUE COPY
JULIE J. ARMSTRONG (SEAL)
CLERK, C.P. G.S. & F.C.

By _____
DEPUTY CLERK

8

Jan. 6, 2009

# The Supreme Court of South Carolina

RE: TRANSFER OF CASES FROM SOUTH CAROLINA
SUPREME COURT TO COURT OF APPEALS

---

ORDER

---

Pursuant to Rule 227(l), SCACR, the following post-conviction relief cases are hereby transferred to the Court of Appeals:

Al-Amin, Raquib Abdul v. The State – 200776028
Allah, Lahborn v. The State – 200764744
Anderson, Arlene v. The State – 200766580
Bailey, Robert Daniel v. The State – 200880449
Baker, Clifford M. v. The State – 200776046
Bates, Travis S. v. The State – 200886166
Baum, Uuno Mattias v. The State – 200747079
Bishop, Jamel M. v. The State – 200886146
Blair, Charles v. The State – 200774866
Briggs, Keith v. The State – 200885075
Brooks, Darrell Scott v. The State – 200876714
Brown, Antwan v. The State – 200877548
Brown, Michael Jerome v. The State – 200773247
Bruce, James M. v. The State – 200876707
Buggs, Arimatia A. v. The State – 200884866
Bush, Albert Montrell v. The State – 200770866
Capers, Rasheen v. The State – 200877807
Carter, Kobe v. The State – 200877566
Catoe, Brett James v. The State – 200888106
Childers, Larry Keith v. The State – 200772986
Chisolm, Alton v. The State – 200880466
Clark, Anthony J. v. The State – 200776027
Cobb, Anquan M. v. The State – 200876709
Craig, Samar S. v. The State – 200886168
Cunningham, Michael v. The State – 200877928
Davis, Terry Lee v. The State – 200876727

Deleon, Fredy v. The State – 200774168
Dorsey, Antonio Maurice v. The State – 200755639
Dublin, Charles D. v. The State – 200885070
Eaves, Bryant v. The State – 200883028
Edwards, Freddie v. The State – 200877927
Emanuel, Charles v. The State – 200877607
Floyd, William Patrick v. The State – 200891406
Garvin, John Henry v. The State – 200891427
Goins, Michael Jermaine v. The State – 200773106
Golson, Joseph v. The State – 200774090
Gordilla-Lopez, Jose Luis v. The State – 200879786
Gray, Travis v. v. The State – 200763259
Grayton, Charles v. The State – 200876717
Green, Gregory v. The State – 200893606
Green, Thomas v. The State – 200890947
Harris, Jarvis v. The State – 200877966
Heath, Marques Q. v. The State – 200885067
Heaton, Thomas Chad v. The State – 200877426
Hickman, Travis Levern v. The State – 200760339
Hollifield, Ray Lynn v. The State – 200774806
James, Robert Anthony v. The State – 200754603
Jeffcoat, Harold v. The State – 200877986
Jeter, Michael v. The State – 200886906
Johnson, Kevin v. The State – 200767376
Jones, Eric Jason v. The State – 200772229
Jones, James Lee v. The State – 200876711
Juarez, Wanda v. The State – 200886927
Judd, Charles v. The State – 200775987
Leach, Michael Vernon v. The State – 200883026
Lee, Kareen Donyell v. The State – 200880447
Martin, Marcus v. The State – 200877886
McBride, Cleveland v. The State – 200879793
McCollum, Lamont A. v. The State – 200881009
McKnight, Hasain H. v. The State – 200883027
Medlock, Cookie Tracey v. The State – 200776006
Mendenhall, James v. The State – 200880386
Mills, William M. v. The State – 200774826
Morris, Lauren Moe v. The State – 200877809
Nesbit, Mario v. The State – 200772766
Norman, Catlin Lee v. The State – 200887886
Owens, Jerome A. v. The State – 200770609

Parker, Marcus J. v. The State – 200896186
Pope, Leroy v. The State – 200763041
Postell, Keonakamerah v. The State – 200880426
Pratt, Joseph v. The State – 200879787
Pressley, Rodney J. v. The State – 200883030
Pryor, Roland v. The State – 200887106
Ramsey, Christopher v. The State – 200876726
Randolph, Linart v. The State – 200758721
Rhodes, Melvin v. The State – 200888206
Richardson, Curtis D. v. The State – 200898292
+ Richardson, Jackie v. The State – 200774827
Roberson, Danzill v. The State – 200877427
Roberts, Roy A. v. The State – 200877386
Sailor, Andre A. v. The State – 200767375
Sala, Allen P. v. The State – 200772269
Samuel, Eric v. The State – 200885626
Scott, Gary Steven v. The State – 200774093
Scruggs, Timothy B. v. The State – 200764761
Sigler, James v. The State – 200881987
Simmons, Corrie v. The State – 200882066
Siriwat, Chairut v. The State – 200888186
Smith, Katherine L. v. The State – 200768619
Smith, Marlon Jermaine v. The State – 200768580
Smith, Michael v. The State – 200880946
Smith Undray T. v. The State – 200765424
Taylor, Ricky v. The State – 200877446
Tedder, Billy v. The State – 200766219
Thompson, Paula Kaye v. The State – 200879386
Vaughn, Timothy v. The State – 200879798
Walker, Joseph v. The State – 200758999
Wilder, Sylvester v. The State – 200771848
Wyder, Devenn v. The State – 200886186
Zeigler, Frank v. The State – 200775827

IT IS SO ORDERED.

_____, C.J.
FOR THE COURT

Columbia, South Carolina

January 6, 2009

cc:    Appellate Defender Eleanor Duffy Cleary
       Appellate Defender Elizabeth A. Franklin-Best
       Appellate Defender Kathrine H. Hudgins
       Appellate Defender LaNelle C. Durant
       Appellate Defender M. Celia Robinson
       Appellate Defender Robert M. Dudek
       Appellate Defender Robert M. Pachak
       Chief Appellate Defender Joseph L. Savitz, III
       Deputy Chief Appellate Defender Wanda H. Carter
       Assistant Attorney General Ashley A. McMahan
       Assistant Attorney General Brian T. Petrano
       Assistant Attorney General Christina J. Catoe
       Assistant Attorney General Daniel E. Grigg
       Assistant Attorney General Gregory P. Jones, Jr.
       Assistant Attorney General Julie Thames
       Assistant Attorney General Karen C. Ratigan
       Assistant Attorney General Lance S. Boozer
       Assistant Attorney General Mary S. Williams
       Assistant Attorney General Matthew J. Friedman
       Assistant Attorney General Michelle J. Parsons
       Assistant Attorney General S. Prentiss Counts
       C. Rauch Wise, Esquire
       J. Falkner Wilkes, Esquire
       Michael S. Waddington, Esquire
       R. Scott Joye, Esquire
       Tara Shurling, Esquire
       Tommy Arthur Thomas, Esquire
       Woodrow Grady Jordan, Esquire
       The Honorable Jeanette F. Barber

# The South Carolina Court of Appeals

Jackie Richardson,                           Petitioner,

v.

State of South Carolina,                     Respondent.

---

## ORDER

---

This matter is before the Court on a petition for a writ of certiorari following the denial of Petitioner's application for post-conviction relief. Petitioner's counsel asserts the petition is without merit and requests permission to withdraw from further representation. After careful consideration of the entire record as required by <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988), we deny the petition and grant counsel's request to withdraw.

_Daniel G. Pieper_ J.

_____ J.

_____ A. J.

Columbia, South Carolina

February __10__, 2010

FILED
February 10, 2010

cc:    Appellate Defender M. Celia Robinson
       Jackie Richardson, #211240
       Assistant Attorney General Matthew Friedman

# The South Carolina Court of Appeals

Jackie Richardson,                                    Petitioner,

v.

State of South Carolina,                             Respondent.

The Honorable John C. Few
Charleston County
Trial Court Case No.   2006-CP-10-03386

————

### ORDER DENYING PETITION FOR REHEARING

————

PER CURIAM:  After a careful consideration of the Petition for Rehearing, the Court is unable to discover that any material fact or principle of law has been either overlooked or disregarded and hence, there is no basis for granting a rehearing.

It is, therefore, ordered that the Petition for Rehearing be denied.

_Daniel G. Pieper_ J.

_John Geathers_ J.

_Paul M. Cureton_ J.

Columbia, South Carolina
March 30, 2010

cc:    Appellate Defender M. Celia Robinson
       Jackie Richardson, #211240
       Assistant Attorney General Matthew Friedman

STATE OF SOUTH CAROLINA )
                         )    IN THE COURT OF COMMON PLEAS
COUNTY OF CHARLESTON     )

Jackie Richardson, 211240,     )          99-CP-10-4642
                               )
               Applicant,      )
                               )
        v.                     )          **FINAL ORDER**
                               )
State of South Carolina,       )
                               )
               Respondent.     )              .
                               )

  This matter comes before the Court pursuant to an Application for Post-Conviction Relief filed December 22, 1999. The Respondent made its Return and Motion to Dismiss on March 10, 2000, requesting that the matter be summarily dismissed. Pursuant to this request, and after reviewing the pleadings in this matter and all of the records attached thereto, Honorable Daniel E. Martin, Sr., as Administrative Judge for the Ninth Judicial Circuit, issued a Conditional Order of Dismissal dated March 23, 2000, provisionally denying and dismissing this action, while giving the Applicant twenty (20) days from the date of service of said Order upon him in which to show why the dismissal should not become final. Attached to this Final Order and incorporated herein by reference is an Affidavit of Service by Mail dated May 2, 2000.

  The Applicant filed a subsequent pleading with the Clerk of Court for Charleston County, however, no newly-discovered evidence or allegations were presented. Therefore, no reason has been shown to this Court why the Conditional Order of Dismissal dated March 23, 2000 should not become final.

  IT IS THEREFORE ORDERED that the Application for Post-Conviction Relief filed December 22, 1999, is hereby denied and dismissed with prejudice.

AND IT IS SO ORDERED this _____ day of _____, 2001.


_____
DANIEL F. PIEPER
Administrative Judge
Ninth Judicial Circuit

Charleston, South Carolina