RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 AUG 26  A 10: 11

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jackie Richardson, #211240, | ) C/A No.: 9:10-1970-HFF-BM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden, Cecilia Reynolds; Jon Ozmint, Director, S.C. Dept. of Corrections, | ) |
| Respondents. | ) |

Petitioner, a prisoner proceeding *pro se*, has filed this matter pursuant to 28 U.S.C. § 2254. Petitioner is serving concurrent terms of life imprisonment for two murder convictions, and a twenty-five (25) year consecutive sentence for an armed robbery conviction. Petitioner did not appeal his convictions or sentences. He filed an application for post-conviction relief ("APCR") on December 22, 1999. The APCR was dismissed based on the statute of limitations on September 26, 2001.

Petitioner timely filed an appeal and Petition for Writ of Certiorari. The South Carolina Supreme Court denied certiorari in an unpublished order filed December 4, 2002. The remittitur was sent down on December 20, 2002.

Petitioner then filed his first petition for writ of habeas corpus in this Court on November 13, 2003. This Court may take judicial notice of its own files and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). A report and recommendation was entered in that matter, finding that over three hundred and twenty-seven (327) days of additional non-tolled time had accrued since the disposition of petitioner's APCR. Consequently, when the other non-tolled time periods were added, petitioner had accrued over four (4) and one half years of non-tolled time since his period of limitations began to run on the Anti-

terrorism and Death Penalty Act's (AEDPA's) effective date. Petitioner's habeas corpus petition was dismissed, with prejudice, for having been filed outside the applicable statute of limitations. 28 U.S.C. § 2244(d).

Petitioner appealed to the Fourth Circuit Court of Appeals. He also filed a motion for a certificate of appealability in this Court which was denied. The Fourth Circuit denied his certificate of appealability and dismissed his appeal.

According to his petition, petitioner filed another APCR in August 2006 which was dismissed in September 2007. He alleges he appealed the decision to the South Carolina Supreme Court in October 2008. The appeal was transferred to the South Carolina Court of Appeals and dismissed in February 2010. Petitioner's Rule 59(e) motion was also denied. Petitioner now files this second petition for writ of habeas corpus.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition, pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se*

complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

With respect to his convictions and sentences, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). Although the petitioner has exhausted his state court remedies, his claims have already been presented to this court.

As noted above, the petitioner has had a prior § 2254 habeas corpus action in this court. Summary judgment for the respondents was granted in the petitioner's prior § 2254 case. As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules. *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467, 113 L.Ed.2d 517, 111 S.Ct. 1454, 1467-1472 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; *Bennett v. Angelone*, 92 F.3d 1336 (4th Cir. 1996); and *Armstead v. Parke*, 930 F. Supp. 1285 (N.D.Ind. 1996).

Furthermore, there is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-



Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2254 petitions.

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *and without requiring the respondents to file a return. See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Bristow Marchant
United States Magistrate Judge

Date August 25, 2010
Charleston, South Carolina

**_The petitioner's attention is directed to the important NOTICE on the next page_**.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

